FILED
United States Court of Appeals
Tenth Circuit

September 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEANNETTE A. SUAREZ,

     Plaintiff - Appellant,

v.

ANTHEM, INC., f/k/a WellPoint,

     Defendant - Appellee.

No. 17-1073
(D.C. No. 1:15-CV-01082-RM-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

Plaintiff-Appellant Jeannette Suarez, appearing pro se, appeals from the district

court's grant of summary judgment in favor of Defendant-Appellee Anthem, Inc.

("Anthem") on her Americans with Disabilities Act ("ADA") claims. The parties are

familiar with the facts and we need not restate them here. The district court adopted the

report and recommendation of the magistrate judge after considering Ms. Suarez's

objections. Although Anthem objected on the grounds that the objections were untimely,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

the district court ruled that "it is not perfectly clear from the record when plaintiff was served with the R&R, thus triggering the time to object. Based upon its own review, the Court does not consider plaintiff's objections to be untimely." I R. 659. Though we doubt that "perfect clarity" as to service is required, the district court made no findings to suggest that the date of service was anything other than what the court's records indicated.

On appeal, Anthem argues that Ms. Suarez waived review not only by failing to file an opposition to its summary judgment motion, but also by failing to timely object to the magistrate judge's report and recommendation. We consider the latter point first.

A review of the district court docket sheet and the notice of electronic filing reflects that the report and recommendation was mailed to Ms. Suarez on August 23, 2016; hence service was complete upon mailing.[1] Fed. R. Civ. P. 5(b)(2)(C). At most, Ms. Suarez had 14 days plus three days mailing (until August 9, 2016) to file her objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 6(d). She did not file her objections until September 16, 2017. Ordinarily, her objections would be untimely.

However, on August 7, 2016, the district court entered a text only order (in the course of resolving another motion) "reminding" Ms. Suarez that she had 14 days from <u>receiving</u> the report and recommendation to object. Of course, this is inconsistent with Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. §636(b)(1), which start the 14-day period running upon service, not receipt. While the district court has the power to extend to the time sua

---

[1]    In addition, Anthem states that it emailed a copy of the report and recommendation to Ms. Suarez on August 23, 2016.

sponte before the time period has run, Fed. R. Civ. P. 6(b)(1)(A), that is not what happened here.

Ms. Suarez indicates that she received the report and recommendation on September 2, 2016, and filed her objections on September 16, 2016. Given the district court's order suggesting that this was appropriate and her possible reliance on that order, we will not construe Ms. Suarez's objections as untimely.

That said, we affirm for substantially the same reasons set forth in the magistrate judge's report and recommendation and the district court's order rejecting Ms. Suarez's challenges. We agree with Anthem that Ms. Suarez's opening submission is noncompliant with Fed. R. App. P. 28 and lacks substantive argument, citations to the record, and legal authority in support of her claims. Though she is pro se, she still must adhere to the rules. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840−841 (10th Cir. 2005).

AFFIRMED. Given the lack of a rational argument on the law and the facts on appeal, we DENY IFP status. All other pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

3